IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

OTHA L. ABNEY,
      Petitioner,

                              Case No.:  5:08cv307/MCR/EMT

MICHAEL D. CREWS,
      Respondent.
_____/

## REPORT AND RECOMMENDATION

     This cause is before the court on Petitioner's "[Motion for] Relief from Judgment under Rule 60(b)(2)(3)" filed May 6, 2014 (doc. 48).  Petitioner seeks relief from the final order and judgment, rendered July 13, 2011, denying Petitioner's habeas petition filed under 28 U.S.C. § 2254 (docs. 35, 36).  On June 18, 2014, the case was referred to the undersigned by the district judge to conduct proceedings as required and enter a report and recommendation on the disposition of Petitioner's Rule 60(b) motion (doc. 51).  The undersigned directed Respondent to respond to the motion (doc. 53), and Respondent filed a response in opposition on July 7, 2014 (doc. 55).

     After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that the Rule 60(b) motion should be denied.

I.     BACKGROUND AND PROCEDURAL HISTORY

     In 2004, the Circuit Court in and for Jackson County, Florida, convicted Petitioner of one count of sexual battery, one count of kidnapping, one count of burglary of a dwelling with assault or battery, one count of fleeing or attempting to elude a law enforcement officer, and one count of aggravated battery on a police officer.  The court sentenced him to two terms of life imprisonment, one term of thirty (30) years of imprisonment, and two terms of fifteen (15) years of imprisonment, all to run concurrently.  The Florida First District Court of Appeal affirmed the judgment.  *See* Abney v. State, 909 So. 2d 863 (Fla. 1st DCA 2005) (Table).

Petitioner, through counsel, commenced this federal habeas action on October 2, 2008 (doc.

1).  His second amended petition raised the following six grounds for relief:

> Claim (a):  "The Petitioner is in state custody in violation of his constitutional right to
> a speedy trial under the Sixth Amendment due to unreasonable delays by the State."

> Claim (b):  "Petitioner is in state custody in violation of his constitutional right to
> effective assistance of counsel under the Sixth Amendment due to trial counsel's
> failure to assert Petitioner's speedy trial right."

> Claim (c):  "Petitioner is in state custody in violation of his constitutional right to due
> process under the Fourteenth Amendment due to the State's use of amended
> informations to circumvent the speedy trial rule and levy new charges."

> Claim (d):  "Petitioner is in state custody in violation of his constitutional right to
> effective assistance of counsel under the Sixth Amendment due to trial counsel's
> irreconcilable conflict of interest."

> Claim (e):  "Petitioner is in state custody in violation of his constitutional right to
> effective assistance of counsel under the Sixth Amendment due to appellate counsel's
> failure to argue that no waiver of speedy trial existed."

> Claim (f):  "Petitioner is in state custody in violation of his constitutional right to due
> process under the Fourteenth Amendment due to judicial bias existing at the time of
> hearing."

(doc. 15 at 2–6, 10–32).

On April 6, 2011, the undersigned issued a Report and Recommendation determining that four
of Petitioner's claims (Claims (b), (c), (d), and (e)) were without merit, and the remaining two
(Claims (a) and (f)) were procedurally barred (doc. 33).  The undersigned recommended that the
§ 2254 be denied (*id.*).  In an order rendered July 13, 2011, the district judge adopted the Report and
Recommendation and denied the petition (doc. 35).  Petitioner filed a notice of appeal (doc. 37).  The
Eleventh Circuit Court of Appeals initially dismissed the appeal but subsequently reinstated it (docs.
43, 46).  On March 7, 2013, the Eleventh Circuit dismissed the appeal for lack of jurisdiction because
it was untimely (doc. 47).

On May 6, 2014, Petitioner filed the instant motion for relief from judgment, relying on Federal
Rules of Civil Procedure Rule 60(b)(2), (3), (4), and (6) (doc. 48).  He contends the final order and

judgment denying his § 2254 petition should be re-opened based on fraud, newly discovered evidence, a void judgment, and abandonment by his federal habeas counsel (*id.*).

Respondent contends this court lacks subject matter jurisdiction to consider Petitioner's Rule 60(b) motion (*see* doc. 55 at 11–12).  Respondent argues Petitioner's motion is actually a successive habeas petition for which he must first obtain authorization from the Eleventh Circuit (*id.*). Respondent additionally contends the motion is untimely (*id.* at 12–13).

II.     ANALYSIS

The Supreme Court has stressed that a habeas petitioner filing a Rule 60(b) motion should be held to the standards of Section 2244(b) where his motion contains a "claim," as the term is used in that section, i.e., "an asserted federal basis for relief from a state court's judgment of conviction." Gonzalez v. Crosby, 545 U.S. 524, 530, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005).  Section 2244(b) of the AEDPA provides in pertinent part as follows:

> **(b) (1)** A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> **(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
>> **(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> **(B) (i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>
>> **(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> **(3) (A)** Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b).  Thus, pursuant to Section 2244(b), when a Rule 60(b) motion seeks to raise a claim already adjudicated on the merits or seeks to raise a new ground for habeas relief, the district court lacks jurisdiction to consider the motion without approval from the appropriate court of appeals.

*See* 28 U.S.C. § 2244(b)(3)(A); *see* <u>Gonzalez</u>, 545 U.S. at 530–32 (indicating that purported Rule 60(b) motion containing one or more "claims" for relief from judgment of conviction and sentence—whether based on a change in substantive law governing the claim, a new ground for relief, or a challenge to a prior resolution on the merits—is in substance a successive petition and should be treated accordingly). A Rule 60(b) motion, however, can be appropriate where a petitioner "does not assert, or reassert, claims of error in [his] state conviction." <u>Gonzalez</u>, 545 U.S. at 537. When a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings, a Rule 60(b) motion is appropriate. *See id.* at 532 n.4 (explaining that a Rule 60(b) motion is not successive "when a movant asserts that a previous ruling which precluded a merits determination was in error-for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.").

In this case, some of Petitioner's grounds for relief appear to go to the integrity of the federal habeas proceeding. For example, Petitioner asserts his federal habeas counsel abandoned him in the federal proceeding. He also appears to assert error with respect to this court's ruling that two of his habeas claims were procedurally defaulted. However, other grounds assert or reassert federal bases for relief from the state court's judgment of conviction. Because at least one of Petitioner's grounds asserted in the Rule 60(b) motion attacks a defect in the integrity of his prior federal habeas proceeding, this court has jurisdiction to consider his Rule 60(b) motion.

Rule 60(b) provides:

**(b) Grounds for Relief from a Final Judgment, Order, or Proceeding**. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> **(1)** mistake, inadvertence, surprise, or excusable neglect;
>
> **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> **(4)** the judgment is void;

**(5)** the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

**(6)** any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A motion filed under Rule 60(b)(1), (2), or (3) must be filed within one year of the entry of the judgment or order or the date of the proceeding. *See* Fed. R. Civ. P. 60(c)(1). A motion filed under the catchall provision contained in Rule 60(b)(6) must be filed within a "reasonable time . . . after the entry of the judgment or order."

As previously discussed, Petitioner makes four principal arguments in support of his request for Rule 60(b) relief: (1) his federal habeas counsel abandoned him during the habeas proceeding, (2) he has obtained "newly discovered evidence" of fraud on the court, (3) he has obtained "newly discovered evidence" which demonstrates he is actually innocent of the crimes, and (4) the federal judgment is void (doc. 48).

    A.    <u>Attorney Abandonment</u>

The court will first address Petitioner's allegations in his Sworn Affidavit attached to his Rule 60(b) motion, alleging that "Steven" Johnson, Petitioner's counsel of record in this case,[1] abandoned him during this proceeding (doc. 48 at 61–63, Sworn Affidavit of Otha Abney).

Under Rule 60(b)(6), the catchall provision of Rule 60(b), a party may seek relief based on "any other reason that justifies relief." *Id.* To qualify for relief under this catchall provision, the moving party must "demonstrate that the circumstances are sufficiently extraordinary to warrant relief." *See* <u>Gonzalez</u>, 545 U.S. at 535. Extraordinary circumstances that warrant the reopening of a judgment "will rarely occur in the habeas context." *Id.* Where the federal habeas court has already denied the habeas petition on the merits, "an attack based on . . . habeas counsel's omissions ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably." <u>Gonzalez</u>, 545 U.S. at 532 n.5 (internal citation omitted).

Petitioner's affidavit states, in relevant part, that in 2008, he retained Stephen Johnson as counsel in this Section 2254 case (Abney Aff. ¶ 8). Petitioner states Attorney Johnson "abandon[ed]

---

[1] The correct spelling of counsel's name is <u>Stephen</u> Johnson, which spelling will be used hereafter in this Report.

the case on or about September of 2010, when he would not return [Petitioner's] correspondence or failed to return calls from friends and family's attempts to contact counsel [sic]." (*id.* ¶ 11).  Petitioner states Attorney Johnson failed to notify him when the Report and Recommendation issued, and failed to file objections (*id.* ¶ 12).  Petitioner states Johnson forwarded him a copy of the district court's final order in July of 2011, but counsel did not file a motion for certificate of appealability (*id.* ¶ 13).  Petitioner states counsel took no further action in this case and did not withdraw from the case (*id.* ¶ 14).  He contends, "Counsel's inaction maybe [sic] cause to re-open this case" (*id.* ¶ 15).

Assuming that Petitioner's allegation of abandonment by his federal habeas counsel goes to the integrity of the federal habeas proceeding, his allegations fail to demonstrate circumstances that are sufficiently extraordinary to warrant relief from the final judgment.[2]  As previously noted, Petitioner alleges Attorney Johnson "abandon[ed] the case on or about September of 2010, when he would not return my correspondence or failed to return calls from friends and family's attempts to contact counsel."  By that time, counsel had filed Petitioner's federal petition, filed an amended petition, filed a second amended petition, filed a reply to Respondent's answer, and filed Petitioner's affidavit (*see* docs. 1, 7, 15, 27, 30).  At that stage of the litigation, the matter was ripe for review, and the parties were simply awaiting a decision.  Petitioner does not include any specifics as to the frequency and substance of the alleged attempts to communicate with counsel in 2010 to suggest that counsel's failure to respond constituted misconduct or prejudiced him in the habeas proceeding.  Further, although Petitioner alleges counsel failed to notify him of the Report and Recommendation and file objections, he does not dispute that counsel provided him a copy of the court's final order denying habeas relief; and, although Petitioner faults counsel for failing to file a motion for certificate of appealability, he does not allege he requested that counsel do so.  Unlike the attorney conduct in Holland v. Florida, 560 U.S. 631, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010) and Maples v. Thomas, 565 U.S. —, 132 S. Ct. 912, 181 L. Ed .2d 807 (2012), counsel's alleged omissions in this case did

---

[2] The court is aware of the Eleventh Circuit's decision in Franqui v. Florida, 638 F.3d 1368 (11th Cir. 2011), which held that counsel's omission of a claim from a federal habeas petition, after repeatedly promising the petitioner that it would be included, did not result in a defect in the integrity of the federal habeas proceedings; therefore the district court erred by treating the petitioner's Rule 60(b) motion as properly filed, considering its substance, and denying relief on the merits, instead of dismissing it for lack of subject matter jurisdiction as an unauthorized successive habeas petition.  In Franqui, unlike the instant case, the petitioner did not contend he was abandoned by his habeas counsel.  638 F.3d at 1374 n.9

not deprive Petitioner of any opportunity to be heard at all in the federal habeas proceeding or otherwise rise to the level of abandonment. Therefore, his allegations fail to demonstrate sufficiently extraordinary circumstances to warrant reopening of the judgment in this case.[3] Accordingly, he is not entitled to relief on this ground.

---

[3] In Holland, the Supreme Court, while reiterating that mere attorney negligence does not warrant equitable tolling, nevertheless held that an attorney's serious misconduct may warrant such tolling. 560 U.S. at 652–53. The defendant in the case filed a pro se federal habeas petition after the filing deadline had already passed, but he contended that the statute of limitations should have been equitably tolled. Id. at 635. In support, he alleged that, during the two years while his state habeas petition was pending before the Florida Supreme Court, his attorney communicated with him only three times, and each time only by letter. Id. at 636–37. During this time, Holland's attorney never met with him or updated him on the status of his case. Id. After the attorney argued Holland's appeal before the state Supreme Court, Holland wrote him multiple letters regarding the importance of filing his federal habeas petition timely. Id. at 636–39. Despite Holland's attempts to communicate, his attorney ultimately missed the filing deadline for his federal habeas petition. Id. at 638. Once Holland learned—in the prison library, not from his attorney—that the Florida Supreme Court had already decided his case and the federal filing deadline had passed, he immediately filed his own pro se federal habeas petition. Id. at 639–40.

At the outset, the Supreme Court stated that Holland was only entitled to equitable tolling if he showed that "some extraordinary circumstance" prevented the timely filing of his habeas petition. 560 U.S. at 649 (internal quotation marks omitted). While the Court reiterated that "a garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling," it concluded that Holland had not presented such a "garden variety claim." Id. at 651–62 (internal quotation marks omitted). Rather, the facts of Holland's case presented "far more serious instances of attorney misconduct." Id. at 652. The Court found that, while the attorney's failure to timely file Holland's federal habeas petition and his apparent unawareness of the filing deadline date suggested simple negligence, that did not mark the end of the attorney's misconduct. Id. at 652–53. Rather, the Court found that the attorney's failure to timely file despite Holland's many letters emphasizing the importance of doing so, his apparent lack of research regarding the correct filing date, his failure to inform Holland that the Florida Supreme Court had decided his case, and his cumulative failure to communicate with Holland over a period of years amounted to more than simple negligence. Id. at 652. Thus, the Court concluded that, under the circumstances, the attorney's misconduct may have constituted extraordinary circumstances warranting equitable tolling and remanded the case for such a determination. Id. at 653–54.

Further, in Maples v. Thomas, the Supreme Court evaluated whether the misconduct of the appellant's attorneys amounted to abandonment, and was thus an extraordinary circumstance, in the context of procedural default. 132 S. Ct. at 924. The petitioner in Maples was an Alabama state prisoner who was represented by two pro bono attorneys from a New York law firm. Id. at 916. As required under Alabama law, the two New York attorneys engaged an Alabama lawyer to move their admission pro hac vice but, otherwise, the Alabama lawyer had no substantive involvement in Maples' case. Id. While Maples' state post-conviction petition was pending, the two New York attorneys left their firm and, thus, became ineligible to represent him. Id. Neither attorney informed Maples of his departure and corresponding inability to represent Maples. Id. Further, neither sought leave from the state court to withdraw or moved for substitution of counsel. Id. at 916–17. Without the assistance of counsel, Maples did not timely appeal the state court's denial of his habeas petition. Id. at 917. Maples later filed a federal habeas petition with the district court, which court rejected the petition because of Maples' previous procedural default in state court. Id. The Supreme Court, on appeal, concluded that Maples' attorneys had abandoned him by virtue of their conduct. Id. at 924–26. Thus, he had shown that his failure to timely appeal in state court was due to "extraordinary circumstances quite beyond his control." Id. at 927. Accordingly, the Court excused his procedural default. Id.

B.    "Newly Discovered Evidence" of Fraud

Petitioner argues that this court's resolution of Ground Two of his Section 2254 petition was based upon a fraudulent document included in the state court record, as demonstrated by "newly discovered evidence" (doc. 48 at 3). Petitioner contends the state circuit court judge who ruled on his Rule 3.850 motion, Judge William Wright, knew there was no record of continuances requested or stipulated to by the defense prior to expiration of the speedy trial period, and Judge Wright knowingly attached a "fraudulent" document to his order denying Petitioner's claim of ineffective assistance of counsel based upon counsel's failure to assert Petitioner's right to a speedy trial (*see id.* at 3–4, attached Exhibit D; doc. 24, Ex. K at 108, 119–20). In Judge Wright's order, he referenced "attached Circuit Court Minutes" in support of his finding that the state court record reflected that the defense was granted numerous continuances in the criminal case (doc. 24, Ex. K at 108). Attached to Judge Wright's order was a document titled Circuit Court Minutes, with an attached page listing dates of continuances and by whom each continuance was requested (hereinafter referred to as "Continuance Information Page") (*id.* at 119–20). Petitioner states prior to Judge Wright's order, he (Petitioner) requested court minutes of each hearing held in his criminal case (doc. 30, Sworn Affidavit of Otha Abney ¶ 53). Petitioner states the clerk of court responded that court minutes were taken only at plea hearings and sentencing hearings, and she sent Petitioner a copy of the single-page document titled Circuit Court Minutes, which did not include the Continuance Information Page (*id.*). Petitioner states he filed a motion to strike the Continuance Information Page from the state court record on the ground that it was not properly authenticated and thus not part of the official record (*id.* ¶ 62). He states in May of 2009 he requested a certified copy of the court minutes and was again provided only the single-page document titled Circuit Court Minutes without the Continuance Information Page (*id.* ¶ 65). Petitioner apparently sought an explanation from the clerk of court, and in a letter dated October 11, 2010, the clerk explained that the Continuance Information Page was not a "formal form" used by the court, but an "information page for quick reference [as] to who continued a case," which was attached to the court minutes (doc. 48, Exhibit E). Petitioner states this "newly discovered evidence" demonstrates that the district court's judgment in this Section 2254 proceeding was based upon a "fraudulent" document, i.e., a document that was not part of the official state court record (doc. 48 at 3–6).

Petitioner appears to be proceeding under Rule 60(b)(2) and (3).  Rule 60(b)(3) permits the court to relieve a party from a final judgment or order where an opposing party engaged in fraud, misrepresentation, or misconduct.  Rule 60(b)(2) permits the court to relieve a party from a final judgment or order based upon newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b).  As previously discussed, a motion filed under Rule 60(b)(2), or (3) must be filed within one year of the entry of the judgment or order or the date of the proceeding.  *See* Fed. R. Civ. P. 60(c)(1).

To the extent Petitioner suggests Respondent's including the Continuance Information Page as part of the state court record in this federal habeas case constituted fraud on the court, his claim of fraud is without merit.  Rule 5 of the Rules Governing Section 2254 Cases requires Respondent to attach to its answer part of the transcripts of post-conviction proceedings that Respondent considers relevant.  Section 2254 provides that "a copy of the official records of the state court, duly certified by the clerk of such court to be a true and correct copy of a finding, judicial opinion, or other reliable written indicia showing such a factual determination by the State court shall be admissible in the Federal court proceeding." 28 U.S.C. § 2254(g).  Respondent attached to its answer a copy of Judge Wright's order in the post-conviction proceeding, including the attachments to Judge Wright's order, which were certified by the clerk of the circuit court to be a true and correct copy of the post-conviction record (*see* doc. 24, Ex. K at 116).  Respondent did not engage in fraud, misrepresentation, or misconduct in doing so.

It appears that Petitioner's true intent is to reargue the merits of Ground Two of his federal petition by characterizing Judge Wright's conduct as "fraudulent."  In Ground Two, Petitioner claimed that the state court unreasonably determined the facts and unreasonably applied clearly established federal law in denying his claim that trial counsel was ineffective for failing to assert Petitioner's speedy trial right.  In support of his claim, Petitioner submitted his own affidavit setting forth facts showing Judge Wright included the Continuance Information Page as part of the court minutes, even though it was not part of the official trial record (*see* doc. 30, Petitioner's Affidavit ¶¶ 53, 59–66).  The district court considered Petitioner's arguments and evidence, and determined that he failed to demonstrate that the state court's factual determinations underlying its denial of Petitioner's claim were unreasonable.  The district court further determined that the state court record supported the state court's factual findings, specifically, several Written Plea and Notice of Hearing forms signed by

defense counsel stipulating to continuances, and defense counsel's motions for continuance (doc. 24, Ex. A at 19–23, 26, Ex. B at 33, 38–44, 53–54, 71–72, 75).

Petitioner's claim  of "fraud" is nothing more than reargument of a habeas claim rejected on the merits by the district court.  As such, it is an impermissible attempt to use Rule 60(b) to circumvent the prohibition against unauthorized second or successive habeas petitions.  Accordingly, Petitioner is not entitled to relief on his claim of "fraud."

C.      "Newly Discovered Evidence" of Actual Innocence

Petitioner next contends he is entitled to relief from the final judgment in this case because "newly discovered evidence" demonstrates he is actually innocent of the sexual battery, kidnapping, and burglary charges, of which his then-wife, Teresa Abney, was the victim (doc. 48 at 4–6). Petitioner identifies this "new evidence" as (1) a "No Information" filed by the State in a misdemeanor case, in which Petitioner was charged with violating an injunction for protection against domestic violence, and (2) an order issued by Judge Wright which denied Teresa Abney's petition for a domestic violence injunction against Petitioner (*id.* at 6).  Petitioner contends this "new evidence"  demonstrates that Ms. Abney did not have exclusive rights to use and occupy the marital home, which negates the unlawful entry element of the burglary conviction, and refutes her testimony that she was afraid to say no to the sexual encounter which formed the basis of the sexual battery charge.  Petitioner alleges the prosecutor failed to disclose each of these documents to the defense, and knowingly introduced false evidence that an enforceable domestic violence injunction existed against Petitioner, in violation of Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963) and Giglio v. United States, 405 U.S. 150, 92 S. Ct. 763, 31 L. Ed. 2d 104 (1972) (*id.* at 20–24).  Petitioner attached to his Rule 60(b) motion a copy of Judge Wright's order denying the domestic violence injunction and a copy of the No Information filed by the State in the misdemeanor case (doc. 48, attached Exhibits A, G).

Petitioner's claim could be liberally construed as asserting that "newly discovered evidence" of his actual innocence renders the district court's procedural determination on two of his federal habeas claims (Claims (a) and (f)) erroneous.  *See* Gonzalez, 545 U.S. at 532 & n.4 (explaining that a habeas petitioner who "asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as . . . [a] statute-of-limitations bar," is not "making a habeas claim").

Assuming that actual innocence is an extraordinary circumstance under <u>Gonzalez</u>, Petitioner's "new evidence" fails to make a colorable showing of actual innocence.  Petitioner contends the "new evidence" demonstrates that at the time of the offense conduct, August 19, 2002, there was not an enforceable domestic violence injunction in place which barred him from the marital home (*see* doc. 48 at 6).  However, the evidence at trial showed that prior to August 19, 2002, Judge Wright had issued an order in the Abneys' divorce case granting Ms. Abney temporary and exclusive possession of the marital home effective July 10, 2002, and Petitioner was served with a copy of the order on August 12, 2002  (*see* doc. 24, Ex. C at 35–46, 68–71).  Additionally, Petitioner admitted during his trial testimony that he attended a hearing on July 10, 2002, during which Judge Wright awarded Ms. Abney temporary and exclusive possession of the home, and he (Petitioner) was supposed to vacate the home by July 20, 2002 (*see* doc. 24, Ex. B at 359).  Petitioner testified he was served with a copy of the temporary order on August 12, 2002, and the deputy who served it made clear that if Petitioner went to the house, he "would be in trouble" (*id.* at 359–60).  Therefore, evidence that Judge Wright denied Ms. Abney's petition for a domestic violence injunction, and that the State had filed a "No Information" in the misdemeanor case charging him with violating a domestic violence injunction, does not make a colorable showing of actual innocence.[4]

Additionally, Petitioner could have discovered, with reasonable diligence, this "new evidence" well prior to entry of final judgment in this case.  The attachments to Petitioner's Rule 60(b) motion show that Judge Wright's order denying Ms. Abney's petition for a domestic violence injunction and the "No Information" filed by the State in Petitioner's misdemeanor case were matters of public record in 2002 (*see* doc. 48, Exs. A, G).  Therefore, Petitioner could have discovered them, had he exercised reasonable diligence, well prior to the district court's entry of final judgment in this case in July of 2011.  Therefore, Petitioner is not entitled to relief from the final judgment on this ground.[5]

D.     "Void" Judgment

---

[4] Judge Wright's order was rendered June 4, 2002, and the "No Information" was filed by the State on November 21, 2002 (doc. 48, Exs. A, G).

[5] To the extent Petitioner attempts to raise a new Section 2254 claim based upon an alleged <u>Brady</u>/<u>Giglio</u> violation, the court does not have jurisdiction to entertain it because it is properly characterized as a second or successive application for federal habeas relief.  Petitioner must first obtain authorization from the Eleventh Circuit prior to presenting his new habeas claim to the district court.  *See* 28 U.S.C. § 2244(b)(2), (3).

Petitioner next seeks relief under Rule 60(b)(4).  He contends the judgment in this habeas case is void because the state court lacked subject matter jurisdiction to try and convict him (doc. 48 at 6–8).

Generally, a judgment is void under Rule 60(b)(4) "if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." Burke v. Smith, 252 F.3d 1260, 123 (11th Cir. 2001) (internal quotation marks and citation omitted).  "Federal courts considering Rule 60(b)(4) motions that assert a judgment is void because of jurisdictional defect generally have reserved relief for the exceptional case in which the court that rendered judgment lacked even an arguable basis for jurisdiction." United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 271, 130 S. Ct. 1367, 176 L. Ed. 2d 158 (2010) (internal quotation omitted).

Petitioner does not dispute he was in custody pursuant to the Florida judgment at the time he filed his Section 2254 petition.  Further, his federal petition challenged the constitutionality of his state custody.  Therefore, he has not shown jurisdictional error with respect to the district court's entry of final judgment in this case.  Indeed, Petitioner's jurisdictional argument appears to be nothing more than a thinly veiled attempt to assert or reassert challenges to his conviction on the ground that the State illegally amended the charging document in violation of his rights to a speedy trial and due process.  This is an impermissible use of Rule 60(b).

## III.   CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an

objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this Report and Recommendation.

For the aforementioned reasons, it is respectfully **RECOMMENDED**:

1.     That Petitioner's Rule 60(b) motion for relief from judgment (doc. 48) be **DENIED**.

2.     That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 18th day of July 2014.


*/s/ Elizabeth M. Timothy*
**ELIZABETH M.  TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**